**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rochelle Maureene McMahan,<br><br>Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-01861-PHX-SPL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 22).

On June 29, 2018, this Court reversed the final decision of the Commissioner of the Social Security Administration and remanded for further proceedings (Doc. 17). Approximately four months later, the Court awarded $5,352.68 in attorneys' fees and $20.01 in costs under the Equal Access to Justice Act (the "EAJA") (Doc. 21). On remand, Plaintiff was awarded $89,740 in back benefits due, and a Notice of Award was issued on December 17, 2018 (Doc. 22–1). On April 15, 2019, Plaintiff was awarded an addition $24,853 in auxiliary benefits (Doc. 22–2). Plaintiff now seeks an award of $14,168.25 in attorneys' fees under 42 U.S.C. § 406(b) (Doc. 22).

The Social Security Act provides that the Court may award reasonable attorneys' fees for representation before the Court, not to exceed twenty-five percent of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Supreme Court in *Gisbrecht v. Barnhart* provides district courts with guidance on how to evaluate such Section 406(b) contingent-fee

requests for reasonableness.

> Most plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether such a fee award is reasonable under 42 U.S.C. § 406(b), the Court may look to factors including the character of the representation, the results achieved, delay, and proportionality. *Gisbrecht*, 535 U.S. at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1148, 1151 (9th Cir. 2009).

Defendant does not object to the motion (Doc. 23). Upon review, the Court finds the request for $14,168.25 is less than twenty-five percent of Plaintiff's past-due benefits and does not exceed the statutory cap. In addition, the instant record provides no indication of substandard performance, dilatory litigation tactics, or disproportionality.[1] Accordingly, this Court concludes that a consideration of the *Gisbrecht* factors warrants a finding that the fee requested is reasonable.

**IT IS THEREFORE ORDERED** that the Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 22) is **granted**.

///
///
///
///
///
///
///

---

[1] The fee request results in an effective hourly rate of $520.89. "In cases of this type, the Ninth Circuit sitting en banc has approved effective hourly rates of $519, $875, and $902 without finding that they are unreasonable." *Young v. Colvin*, 2014 WL 590335 at *2 (D. Ariz. 2014) (citing *Crawford*, 586 F.3d at 1153). Taking into account the risk inherent in contingent-fee arrangements, the Court concludes the hourly rate is reasonable.

2

**IT IS FURTHER ORDERED** that Counsel is awarded **$14,168.25** in accordance with 42 U.S.C. § 406(b). Upon receipt of this sum, Counsel shall refund the previously awarded EAJA fees of **$5,352.68** to Plaintiff.

Dated this 22nd day of October, 2019.

Honorable Steven P. Logan
United States District Judge